IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENT SHERMAN WARD,         )<br>     ID # 02082136,                     )<br>          Petitioner,                      )<br>vs.                                               )<br>                                                    )<br>LORIE DAVIS, Director,             )<br>Texas Department of Criminal   )<br>Justice, Correctional Institutions Division, )<br>          Respondent.                   ) | No. 3:18-CV-0225-B (BH)<br><br><br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Brent Sherman Ward (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Lorie Davis, Director of TDCJ-CID.

The petitioner was convicted of two counts of aggravated assault in Cause No. F44880 in the 413th Judicial District Court of Johnson County, Texas, on March 28, 2011, and he was sentenced to ten years of deferred adjudication probation.  (*See* docs. 3 at 2, 4 at 5[1].).  He did not appeal. *See* www.txcourts.gov (search for petitioner). On June 16, 2016, his probation was revoked, and he was adjudicated guilty and sentenced to eight years' imprisonment.  (*See* doc. 3 at 2.).  He did not appeal.  *See* www.txcourts.gov (search for petitioner).  He filed a state habeas application

---

[1]  Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

that was signed on June 4, 2017, and received by the state court on June 19, 2017. It was denied on September 27, 2017. *See Ex parte Ward*, WR-87,077-01 (Tex. Crim. App. Sept. 27, 2017).

Petitioner's federal habeas petition, received on January 29, 2018, states that it was placed in the prison mail on January 22, 2018. (*See* doc. 3 at 10.) It claims that (1) counsel was ineffective for failing to investigate, prepare, and provide a viable defense; (2) his guilty plea was involuntary as a result of counsel's failure to advise him about options; (3) counsel coerced him to plead guilty; (4) his right to due process was violated, because he acted in self-defense and is innocent; and (5) the cumulative effect of the errors shows there is a reasonable probability that the outcome would have been different if not for the errors. (*See* doc. 3 at 6-7, 11.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.      Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] The Fifth Circuit has held that a judgment of deferred adjudication probation is a final judgment for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). Petitioner's claims relate to guilt, so the limitations period began to run when the judgment imposing deferred adjudication probation became final. *See id.* Because Petitioner did not appeal the trial court's March 28, 2011 judgment of probation, it became final thirty days later, on April 27, 2011. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). The one-year limitations period ended on April 27, 2011. Petitioner filed his initial § 2254 petition on January 22, 2018, the date that it was mailed.[3] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

**B.   Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was filed in 2017, which was after the limitations period expired in 2011, so it did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner

4

contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt. *Id*. at 1928, 1935. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 1935-36.

To the extent that Petitioner claims he is actually innocent of the offenses because he acted in self-defense (*see* doc. 4 at 3-4), his factual assertions are based on evidence that was available when he pled guilty, not new evidence. He has not presented a claim of actual innocence sufficient to overcome the limitations bar, because his claim is not based on new evidence. The record does not show that he is entitled to equitable tolling.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 28th day of February, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                IRMA CARRILLO RAMIREZ
                                                                UNITED STATES MAGISTRATE JUDGE